COLE STEEL EQUIPMENT CO., INC., Appellant, *v.* ART-LLOYD METAL PRODUCTS CORP. et al., Respondents.

First Department, February 14, 1956.

*Martin J. Walzer* of counsel (*Walzer & Walzer,* attorneys), for appellant.

*Albert H. Trieman* for respondents.

*Per Curiam.* The plaintiff seeks an injunction restraining defendants from making or selling any office filing equipment or desks, basing its claim for relief upon an agreement wherein, it is claimed by plaintiff, defendants agreed to refrain from so doing for the period of time stated in the agreement. This is an appeal from the order of Special Term which dismissed the complaint as insufficient on defendants' motion under subdivision 4 of rule 106 of the Rules of Civil Practice. The court held that the restrictive clause in the agreement is '' too broad on its face '' and therefore unenforcible.

The covenant in question was part of a more comprehensive agreement and therefore in testing the sufficiency of the complaint due consideration must be given to all the terms of the entire agreement as alleged. The complaint contains allegations to the following effect: plaintiff for many years has engaged in the business of manufacturing and selling office filing equipment, desks and other office equipment. In 1946, defendant Gunzburg, who had before that time been associated with plaintiff, went into a new business — the manufacture and sale of electronic and electrical equipment. For that purpose Gunzburg formed and operated a new corporation — the defendant Art-Lloyd Metal Products Corp. The new corporation had difficulty in obtaining business and accordingly approached plaintiff with the offer that defendant corporation, in order to carry itself over the initial difficult period, would engage temporarily in the manufacture of office equipment for the plaintiff. This was satisfactory to plaintiff on defendants' assurance that they had no intention of going into the office equipment business as a competitor. Thereupon plaintiff loaned the defendants $25,000 to enable them to continue in business and defendants, in consideration of that loan, expressly agreed not to sell office filing equipment for a period of three years after completion of the last order for plaintiff. The complaint then alleges that

the defendants, in violation of the covenant, have been selling office filing equipment and desks to persons other than the plaintiff.

Clearly, when plaintiff made this substantial loan to the defendants, thus enabling them to continue in business, it was not unreasonable in requiring as a condition for such loan some provision which would, for a limited time at least, prevent the defendants from becoming one of its active competitors. The question then is whether the restrictive covenant contained in the agreement is so broad or so unreasonable as to make it unenforcible.

The covenant here is not subject to the condemnation of the restrictive covenant in *Lynch* v. *Bailey* (275 App. Div. 527, affd. 300 N. Y. 615) and the covenants in similar cases where the courts have held that the covenants were unreasonable, in restraint of trade and void as against public policy. Enforcement of the covenant in such cases would have deprived a party of his only means of livelihood. That is not the situation here. The covenant made by defendants is limited to the sale of but two items, that is office filing equipment and desks. Enforcement of this covenant will not prevent the defendants from carrying on business. They may still engage in the business of selling electrical equipment as they originally planned. Indeed they may also manufacture and sell any kind of office equipment with the exception of the two items mentioned in the restrictive covenant. Moreover the restriction is definitely limited to a three-year period and the commencement of that period is within the control of the defendants because apart from the first order defendants were not obligated to accept any further orders. It can hardly be said that such a restrictive covenant is too broad or that it is unreasonable.

Whether a restrictive covenant should be enforced depends upon " what is fairly necessary, in the circumstances of the particular case, for the protection of the covenantee " (*Miles Medical Co.* v. *Park & Sons Co.*, 220 U. S. 373, 406). We are satisfied that the circumstances here are such as to require, in all fairness, enforcement of defendants' agreement. The effect of denying enforcement of the restrictive covenant would be to permit defendants to repudiate their express agreement and become competitors of the plaintiff — the very thing they promised not to do in consideration of plaintiff's making the loan. Therefore, we believe the motion to dismiss the complaint as insufficient should not have been granted.

The order appealed from should be reversed, with $20 costs and disbursements, and motion to dismiss the complaint denied, with costs, and the judgment reversed.

BREITEL, J. P., BASTOW, BOTEIN, RABIN and BERGAN, JJ., concur.

Order and judgment unanimously reversed, with $20 costs and disbursements to the appellant, and defendants' motion to dismiss the complaint for insufficiency denied, with $10 costs.